1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11    ULIVARDO AVALOS,                      Case No. 2:20-cv-06602-SHK
                              Plaintiff,
12
                         v.
13
      ANDREW M. SAUL,                        **ORDER DISMISSING CASE**
14    Comm'r of Soc. Sec. Admin.,            **WITHOUT PREJUDICE**

15                            Defendant.

16

17

18                        **I.    BACKGROUND**

19        **A.    <u>Current Case</u>**

20        On July 24, 2020, Plaintiff Ulivardo Avalos ("Plaintiff"), represented by

21    counsel—Suzanne C. Leidner ("Ms. Leidner")—filed a Complaint ("Complaint"

22    or "Compl.") seeking judicial review of a decision of the Commissioner of Social

23    Security ("Commissioner" or "Defendant").  Electronic Case Filing Number

24    ("ECF No.") 1, Compl.  On the same day the Court issued its Case Management

25    Order ("CMO"), wherein the parties were ordered to, in pertinent part, submit their

26    joint submission ("Joint Submission" or "JS") regarding the issues on appeal

27    ninety-one days after Defendant filed its Answer ("Answer") to Plaintiff's

28    Complaint.  <u>See</u> ECF No. 9, CMO at 2 (requiring Plaintiff to provide Defendant

with Plaintiff's portion of the JS thirty-five days after Defendant filed its Answer, Defendant to provide its portion of the JS to Plaintiff within thirty-five days of receiving Plaintiff's portion of the JS, Plaintiff to provide Defendant with any optional reply within fourteen days of receiving Defendant's portion of the JS, and Defendant to file the JS with the Court within seven days of receiving Plaintiff's optional reply, or the deadline to do so passing (35+35+14+7=91 days)).

Defendant filed its Answer to Plaintiff's Complaint on January 13, 2021. ECF No. 15, Answer.  Consequently, Plaintiff's portion of the Joint Submission was due to Defendant thirty-five days later, on February 17, 2021, and the Joint Submission would have been due to be filed with the Court on April 14, 2021.

On March 31, 2021, Plaintiff filed a stipulated motion for an extension of time ("Motion"), until May 5, 2021, to forward Plaintiff's portion of the Joint Submission to Defendant that was due on February 17, 2021, because of personal and family health matters.  ECF No. 17, Motion.  On April 6, 2021, the Court granted Plaintiff's Motion in part.  ECF No. 18, Order Granting Motion in Part ("Order").

Specifically, the Court noted that it was "sympathetic to Ms. Leidner's personal and family health issues, but [noted that] Plaintiff's Motion was due to Defendant nearly seven weeks [prior] and [that] neither party cared to notify the Court that Plaintiff had not met Plaintiff's initial filing deadline, which the parties were both aware of pursuant to the CMO last July."  Id. at 2.  The Court added that "Ms. Leidner has represented to the Court in another matter—where the Court granted Ms. Leidner multiple extensions of time to file that plaintiff's portion of the Joint Submission—that she has 'now acquired additional assistance to work on my files.'"  Id. (quoting Isis Nix v. Andrew M. Saul, No. 2:20-cv-03860-SHK, ECF No. 19, Request to Extend Time at 2).  The Court, therefore, found that "pursuant to Ms. Leidner's representations she recently made to the Court in this

other matter, Ms. Leidner has assistance with preparing her submissions to the Court." Id.

Consequently, the Court granted Plaintiff's Motion in part and imposed the following modified briefing schedule:

- "Plaintiff's opening portion of the Joint Submission shall be provided to Defendant by April 20, 2021";
- "Defendant's response shall be provided to Plaintiff by May 4, 2021";
- "Plaintiff's optional reply shall be provided to Defendant by May 11, 2021"; and
- "Defendant shall file the Joint Submission with the Court by May 14, 2021."

Id.

The parties were warned that, "because the above stated deadlines will result in the Joint Submission being filed one month past the original filing deadline that the parties knew about last July, pursuant to the CMO, **no further extensions of time will be granted in this matter.**" Id. (emphasis in original) The parties were further warned that:

because the parties failed to notify the Court until now that Plaintiff had not submitted Plaintiff's opening portion of the Joint Submission that was due to Defendant nearly seven weeks ago, . . . **failure to timely submit the Joint Submission with the Court on or before <u>May 14, 2021, will result in dismissal of this action with or without prejudice</u>** under Rule 41(b) for failure to prosecute and obey Court orders and **<u>counsel for one or both parties being sanctioned</u>**.

Id. (emphasis in original).  Counsel for both parties were ordered to "notify the Court if either party fails to meet any of the above stated deadlines."  Id.

On April 21, 2021, Defendant filed a Notice of Non-Receipt of Plaintiff's Initial Portion of Joint Submission and Declaration ("Notice"), in which Defendant

chronicled multiple attempts to contact Ms. Leidner in order to gain information about when Ms. Leidner would provide Plaintiff's opening portion of the Joint Submission to Defendant that Defendant had not timely received.  ECF No. 19, Notice at 1-2.  Defendant indicated that Plaintiff has not provided Plaintiff's portion of the Joint Submission to Defendant that was due on April 20, 2021, pursuant to the Court's Order Granting Plaintiff's Motion.  Id. at 2.  Consequently, Defendant informed the Court that "[b]ecause [Defendant] did not receive Plaintiff's portion of the [J]oint [S]ubmission, [Defendant] [is] unable to comply with the requirements of the Court's April 6, 2021 order to file the [J]oint [S]ubmission."  Id.

To date, Plaintiff has not provided Defendant with Plaintiff's portion of the Joint Submission that was due to Defendant over nine weeks ago on February 17, 2021.

### B.    Previous Cases

The Court also observes that Ms. Leidner has a history of seeking extensions of time to file documents with this Court due to her ongoing health issues, and, despite receiving multiple extensions of time—sometimes as many as seven in a single case—Ms. Leidner has had multiple cases she has handled in the United States District Court for the Central District of California dismissed for failure to prosecute and follow Court orders.  See, e.g.:

- Lizeth M. Vazquez v. Andrew M. Saul, No. 5:19-cv-01923-ADS (C.D. Cal. Oct. 8, 2019) (case dismissed with prejudice for Ms. Leidner's failure to prosecute and obey Court orders);

- Isis Nix v. Andrew M. Saul, No. 2:20-cv-03860-SHK (C.D. Cal. April 28, 2020) (case dismissed without prejudice and Ms. Leidner sanctioned for Ms. Leidner's failure to prosecute and obey Court orders);

- T.L. v. Nancy A Berryhill, No. 2:18-cv-01395-SHK (C.D. Cal. Feb. 20, 2018), ECF No. 33, Stip. to Extend Time to Forward Pl.'s JS (Seventh) at

4

1-2 (parties stipulating on March 25, 2019 to a <u>seventh extension of time</u> for Plaintiff to file Plaintiff's portion of the JS because of "Plaintiff's counsel [Ms. Leidner] who needs the additional time because of fatigue and stress due to ongoing medical problems and procedures.") (emphasis added);

- <u>H.L.N. v. Andrew Saul</u>, No. 2-18-cv-07992-CJC-SHK (C.D. Cal. Sept. 14, 2018), ECF No. 24, Def.'s Notice of Non-Receipt of Pl.'s Initial Portions of JS and Decl. at 2 (Defendant asserting, on September 24, 2019, that Defendant had stipulated to a second extension of time for Ms. Leidner to forward Plaintiff's portion of the JS to Defendant on July 23, 2019, with a new JS due date of July 24, 2019, and that after emailing Ms. Leidner three times over the course of two months, by September 23, 2019, Defendant still could not elicit even a response from Ms. Leidner regarding when she would provide Defendant Plaintiff's initial portion of the JS and that the parties had now missed the JS filing deadline of September 18, 2019, because Ms. Leidner had not even filed Plaintiff's portion of the JS with Defendant that was due over two months prior.);

- <u>K.M v. Andrew Saul</u>, No. 2:19-cv-06636-SHK (C.D. Cal. July 31, 2019), ECF No. 28, Reply to OSC at 1-2 (Ms. Leidner responding on May 11, 2020, to an OSC why the case should not be dismissed for Plaintiff's failure to provide Defendant with Plaintiff's portion of the JS despite three extensions of time having already been granted in the case, and Ms. Leidner explaining that she "has been under a heavy work backlog because of personal and family illness" and because she "has been only able to work intermittently for short periods of time due to medical problems.").

While the Court does not intend to downplay the health issues Ms. Leidner is experiencing, it is aware that despite Ms. Leidner's longstanding health issues

that have caused repeated inabilities to meet filing deadlines with the Court in the above-mentioned cases throughout 2019 and 2020, Ms. Leidner began representing new clients and has filed complaints for at least seven other cases in this Court in 2020.  See, e.g.:

- Jose Rodriguez-Ceja v. Andrew M. Saul, No. 5:20-cv-00045-SP (C.D. Cal. Jan. 8, 2020);
- Jesus Rodriguez Hernandez v. Andrew M. Saul, No. 5:20-cv-01155-E (C.D. Cal. June 5, 2020);
- Edward Earl Townsend v. Andrew M. Saul, No. 8:20-cv-07077-AGR (C.D. Cal. June 16, 2020);
- Dewon Dion Todd v. Andrew M. Saul, No. 5:20-cv-01424-RAO (C.D. Cal. July 20, 2020);
- Sabrina Marlene Kateley v. Andrew M. Saul, No. 5:20-cv-01706-KK (C.D. Cal. Aug. 24, 2020);
- Diana Rose Rivera, No. 5:20-cv-01846-MAA, No. 5:20-cv-01846-MAA (C.D. Cal. Sept. 9, 2020); and
- Florencio Verdugo Renteria v. Andrew M. Saul, No. 5:20-cv-02322-DMG-ADS (C.D. Cal. Nov. 6, 2020).

## II.    DISCUSSION

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

6

1    In deciding whether to dismiss for failure to prosecute or comply with court

2 orders, a district court must consider five factors: "(1) the public's interest in

3 expeditious resolution of litigation; (2) the court's need to manage its docket;

4 (3) the risk of prejudice to the defendants; (4) the public policy favoring

5 disposition of cases on their merits; and (5) the availability of less drastic

6 sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also

7 Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (setting out similar five

8 factors as in Henderson). "Dismissal is appropriate 'where at least four factors

9 support dismissal, or where at least three factors 'strongly' support dismissal.'"

10 Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal.

11 Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir.

12 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263)). In a case

13 involving sua sponte dismissal, however, the fifth Henderson factor regarding the

14 availability of less drastic sanctions warrants special focus. Hernandez, 138 F.3d

15 at 399.

16    Here, the first two factors—public interest in expeditious resolution of

17 litigation and the Court's need to manage its docket—weigh in favor of dismissal.

18 Despite repeated warnings that this case **will** be dismissed for failure to prosecute

19 and follow Court orders, and that no further extensions of time would be granted in

20 this case, Ms. Leidner has repeatedly failed to file the Joint Submission as ordered.

21 This failure to prosecute and follow Court orders hinders the Court's ability to

22 move this case toward disposition and suggests that Plaintiff does not intend to

23 litigate this action diligently. See id.

24    The third factor—prejudice to Defendant—also weighs in favor of dismissal.

25 A rebuttable presumption of prejudice to a defendant arises when a plaintiff

26 unreasonably delays prosecuting an action. See In re Eisen, 31 F.3d 1447, 1452-53

27 (9th Cir. 1994) (citations omitted). Here, Ms. Leidner is clearly capable of

28 responding to Court orders, as evidenced by her Motion for an extension of time to

1    file Plaintiff's portion of the Joint Submission with Defendant.  However, Ms.

2    Leidner has failed to comply with the Court's most recent order, despite

3    representing to the Court in another matter that she has obtained help that would

4    allow her to meet Court deadlines.  Moreover, Defendant has chronicled repeated

5    attempts to contact Ms. Leidner to gain information about when Plaintiff's portion

6    of the Joint Submission will be provided to Defendant, which places an additional

7    burden on Defendant to prosecute this case.  Thus, this "prejudice" element thus

8    favors dismissal.

9         The fourth factor—public policy in favor of deciding cases on the merits—

10   ordinarily weighs against dismissal.  However, it is Plaintiff's responsibility to

11   move litigation towards disposition at a reasonable pace and to avoid dilatory and

12   evasive tactics.  See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).

13   Ms. Leidner has not met this responsibility despite having been: (1) instructed on

14   Plaintiff's responsibilities; (2) granted sufficient time in which to discharge them;

15   and (3) warned of the consequences of failure to do so.  Under these

16   circumstances, though this policy favors Plaintiff, it does not outweigh Plaintiff's

17   and Ms. Leidner's repeated failure to obey Court orders or to file responsive

18   documents within the time granted.

19        The fifth factor—availability of less drastic sanctions—also weighs in favor

20   of dismissal.  The Court cannot move the case toward disposition without

21   Plaintiff's compliance with Court orders or participation in this litigation.  Despite

22   the Court's attempt to obtain compliance with Court orders and Defendant's

23   repeated attempts to obtain Plaintiff's portion of the Joint Submission from

24   Plaintiff, Ms. Leidner has shown that she is either unwilling or unable to comply

25   with Court orders by: (1) failing to file the Joint Submission with Defendant that

26   was due over nine weeks ago on February 17, 2021; (2) failing to comply with

27   Court orders when an extension of time was granted; and (3) failing to otherwise

28   cooperate in prosecuting this action.  The Court is not aware of any lesser sanction

that is available in this case.  <u>See</u> <u>Henderson</u>, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.") (citation omitted); <u>Roman v. Smith</u>, No. 2:18-07909 PA (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019).

Accordingly, the Court finds that dismissal of this action, without prejudice, is appropriate here.

### III.   CONCLUSION

For the reasons set forth above, the Court **DISMISSES** this case, without prejudice.

**IT IS SO ORDERED.**

DATED:  <u>04/26/2021</u>

_____
HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge

9